PROVIDED TO
MARTIN CORRECTIONAL INSTITUTION
ON 10/24/2018
FOR MAILING

Derrick Dexter Norfleet, Jr.
  Plaintiff,

V.                                    Case No.: 3:16-cv-413-mcr/emt

Brandon Lane and Justin Carr.
  Sued In Individual Capacity's,
                    Defendants
_____/

### Notice To Court of Plaintiffs 3rd Attempt To Resolve Discovery Issues with Defendants By Letter, Deposition, And Production of Evidence Request: Plaintiff First Witness List

Plaintiff Notifies This Honorable Court of Discovery Issues That Have Not Been Resolved Despite Several Attempts By Plaintiff To D. So. Plaintiff States The Following In Support;

1. The Defendants, or Agents Thereof, Are Deliberately Hindering Plaintiff From Prevailing In This Lawsuit;

2. Plaintiff Filed A Production Request Asking That Defendants Make The Audio/Video Footage Available For Plaintiff To Inspect, Review, or Copy To No Avail.

3. On October 9th, 2018, During Deposition, Plaintiff Read A Preliminary Statement, Informing Defendants Attorney Damaris Reynolds of Plaintiffs Not Being Allowed To Review Plaintiffs Medical file, or The Audio, And Video Footage of The Incident (Feb, 5th 2016). To No Avail.

4. Plaintiff Wrote letter (Enclosed) To Defendants Attorney Damaris Reynolds Informing Ms. Reynolds of Specific Incidents That occurred Directly After Deposition, And Continues To Occur That Have Made It Impossible For Plaintiff To litigate or prevail In This lawsuit.

5. Plaintiff Request A Hearing on This Matter.

/S/
Derrick Norfleet # X10286
Martin C.I.
1150 S.W. Allapattah Road.
Indiantown, Fla. 34956

Ms. Damaris Reynolds
Attorney General
Office of the Attorney General
PL-01 The Capitol
Tallahassee, Fla 32399-1050
October 24th, 2018

Case No.: 3:16-CV-413-MCR/EMT

IN-RE: Medical Record Review - Forestalled; Audio/Video Review, Plaintiff Witness List.

Ms. Reynolds,

I am writing in hopes of resolving some discovery issues prior to trial. These issues are important to both sides. First, as we discussed during depositions on October 9th 2018, I intend to present testimony at trial of the medical doctor, employed by D.O.C., who did in fact diagnose me with having had a concussion. You correctly informed me of my obligation to disclose the Doctor's name. However, as I stated, I have been to many different prisons since the incident and I would have to review my medical records to get you this information. I further informed you of difficulties in doing so. I don't want you to get the wrong impression. I am not trying to be evasive in any way.

After deposition, I wrote another request, and subsequently a grievance to medical records to review, or not being able to review my medical records. Well, this was a mistake. Today, at 3:30 pm, I was escorted from a confinement unit directly to the office of Assistant Warden John Holtz. Mr. Holtz informed me that I was there because of the medical records grievance. Mr. Holtz told me NOT to write another grievance because he would not be authorizing any of his "staff" to supervise me for 2 hours, just to review my records. And further, that if I did write another grievance, then don't address it to "Diaz" (who I assume is over medical) or to "Chief of Security" (who I don't know) because he (Holtz) is the one making

(2)

the decision not to allow me to review the records.

Ms. Reynolds, I'm not blaming you for anything. But I'm not sure if you have also been in contact with the administration here regarding me reviewing the records. But this situation today was strange and scary. I don't want to piff the wrong people off. If you have any suggestions for us to resolve this issue better, please let me know. I want you to have everything you need to prepare for trial. And vice-verse.

Second, following the deposition on Oct 9th 2018, Four (4) Inspector Generals came to my cell and put all my property into evidence bags: all legal mail, legal correspondense, and medications, ect. This too may be a coincidence. However, I did inform you in depositions of D.O.C's efforts to hinder me in this lawsuit. All I have been told is that I have been placed under "Investigation" by Inspector Williams. Without my legal work I am unable to conduct meaningful legal research, write motions, or correspond promptly to opposing motions, orders of the Court, or present exhibits at trial that I had prepared.

Third, as I informed you in depositions. The migraines and headaches I experience are severe. My eyes burn, get blurry, and lose focus. Recently, this has been accompanied by the shakes, and nasea. When I got here, the medications that helped minimize the pain were discontinued without explanation. I have put in numerous sick calls, but no one responds. The latest sick call was submitted today. I am in pain.

Lastly, during the deposition, we talked about the audio and video footage of the incident (Feb 5th 2016) I think I quoted the wrong procedural number. The correct cite is

(3)

PROVIDED TO MARTIN CORRECTIONAL INSTITUTION ON 10/24/2018 FOR MAILING

D.O.C. Procedure 602.033(1)(F). This procedure makes clear that video footage and reports of inmate-inmate abuse, staff-inmate abuse, or staff misconduct will be retrieved and retained, specifying that recordings of incidents that are the subject of litigation will be retained by the Office of Inspector General.

### Plaintiff's Witness List

1. Ms. Ashley Morgan
   - Counselor at Santa Rosa Correctional Institution (Interviewed Plaintiff after the attack)

2. Office of the Inspector General (Ms. Williams)
   Audio recordings, video footage of incident
   - 501 S. Calhoun Street, Tallahassee Fla.
   - Martin C.I.

3. Medical Expert (Identity forthcoming pending my review of my medical record.) - Diagnosed Plaintiff for Concussion and started Plaintiff on Pain Medications.

These are names or titles of individuals likely to have discoverable information that Plaintiff may use to support his claims.

### Oath & Certificate of Service

I swear, under penalty of perjury that the facts stated herein are true and correct. I certify that a true and correct copy of this notice, letter, and witness list has been placed in Martin C.I. prison officials hands to be furnished by US Mail to: U.S. District Court, Pensacola Division, 100 N. Palafox; and Office of Attorney General: Demaris Reynolds, on this 25TH day of October 2018.

/s/ [signature]

Derrick Dexter Norflet #X18286
Martin C.I.
1150 S.W. Allapattah Road
Indian Town, Fla. 34956

(4)

Derrick D. Nosheet # XL0206
Martin Correctional Institution
1150 SW Allapattah Road
Indiantown, FL 34956
**LEGAL MAIL**

LEGAL MAIL

CHECKED OCT 29 2018

U.S. District Court
Pensacola Division
100 N. Palafox ST
Pensacola Fla. 32502

32502-483500