IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DERRICK DEXTER NORFLEET, JR.,
    Plaintiff,

vs.                                            Case No.:  3:16cv413/MCR/EMT

BRANDON LANE
and JUSTIN CARR,
    Defendants.
_____/

## ORDER

       This prisoner civil rights case is before the court on Plaintiff's "Notice to Court of Plaintiff's 3rd Attempt to Resolve Discovery Issues with Defendants by Letter, Deposition, and Production of Evidence Request" (ECF No. 66).  Plaintiff requests a hearing/pre-trial conference to resolve three issues:  (1) Defendants' failure to produce video recordings of "the incident" on February 5, 2016 (i.e., an altercation between Plaintiff and Inmate Bobby Taylor (DC# X50229), and Defendants' interaction with Plaintiff and Inmate Taylor immediately prior to, during, and after the altercation), (2) prison officials' refusal to permit Plaintiff to review his medical file to determine the name of a doctor who allegedly diagnosed Plaintiff as suffering from a concussion after the altercation, and (3) prison officials' denying Plaintiff access to

his legal materials. Plaintiff states that access to the video recordings, his medical file, and his legal materials are necessary for trial preparation.

<u>Video Recordings and Medical File</u>

With respect to the video recordings, the docket reflects that on August 2, 2017, prior to expiration of the discovery deadline, Plaintiff served the following Rule 34 request for production:

> Plaintiff request [sic] Defendants produce all video recordings of the incident that happen [sic] on February 5th 2016 [sic] between the hours of 3:00 p.m. – 12:00 a.m. in: wing three of Echo Dormitory; wing two where Plaintiff was placed in shower by Officer Lane and Carter [sic] after Plaintiff was beaten; nurses [sic] station where Plaintiff received medical care; and the video recording from FoxTrot (F-Dorm) where Plaintiff was taken immediately following the assault on Plaintiff by Inmate Taylor.

(*see* ECF No. 35 at 3).

Defendants Lane and Taylor responded as follows:

> Plaintiff's request is unduly burdensome. Defendants object to this request insofar as it calls for the production of items not in their possession, custody, or control and calls for the production of items which are uniquely available or equally available from a third party, if at all.

(ECF No. 35 at 3). Apparently, at least one relevant video recording exists or existed, as it is referenced in one of the exhibits submitted by Defendant Taylor in support of his motion for summary judgment (*see* ECF No. 40, Ex. E, Florida Department of

Corrections ("FDOC") disciplinary report and FDOC Disposition of Videotape or Audiotape Evidence).

With respect to Plaintiff's medical file, the FDOC's administrative rules provide, "An inmate desiring access to his or her own medical file or Reception Medical Center hospital file shall submit a written request using Form DC6-236, Inmate Request, to the health services administrator or his or her designee." Fla. Admin. Code r. 33-401.701(3)(a). The rules further provide:

> Except as otherwise provided in this rule, all requests shall be granted, including providing access or copies or both, or denied, in whole or in part, by the health services administrator or his designee . . . in writing within 30 days of the date of receipt of the request. However, if the requested files are not maintained on-site, the department shall provide or deny access, in whole or in part, within 60 days from receipt of the request. If the department is unable to grant or deny, in whole or in part, the request for access within the 30 or 60 day time periods, the department is authorized to extend the time for such action an additional 30 days by providing the inmate a written statement that the time period has been extended for 30 days and the reason(s) for the extension. This extension is available only one time.

Fla. Admin. Code r. 33-401.701(e).

Plaintiff alleges he submitted an inmate request and, subsequently, a grievance to "medical records" requesting review of his medical file (*see* ECF No. 66 at 2). Plaintiff states that thereafter he was escorted to the office of Assistant Warden John Holtz, who informed Plaintiff that he would not authorize any of his staff to supervise

Plaintiff while he reviewed his medical file (*id.*).  Plaintiff states Holtz also told him not to submit any more grievances to the medical department or security staff, because he (Holtz) made the decision that Plaintiff would not be permitted to review his medical file (*id.* at 2–3).

The discovery deadline set forth in the Case Management and Scheduling Order expired on August 30, 2017 (*see* ECF No. 20 at 1–2).  Plaintiff did not file a motion to compel, nor did he request issuance of a third party subpoena to obtain production of the requested video recordings or his medical file from the FDOC. Plaintiff's attempt to now seek production of the video recordings and his medical file is untimely.  Nevertheless, the court provided Defendants Lane and Carr a second, brief discovery period for the limited purpose of deposing Plaintiff (*see* ECF No. 64), so out of fairness, the court will provide Plaintiff the same opportunity.  The court will direct the clerk of court to issue a subpoena directed to the FDOC's General Counsel requiring counsel to permit Plaintiff to inspect (1) any video recordings of wing three of Echo dormitory at Santa Rosa Correctional Institution on February 5, 2016, from 8:00 p.m. to 8:30 p.m., (2) any video recordings of Plaintiff and/or Inmate Bobby Taylor (DC# X50229) in the shower area of the dormitory after their altercation on February 5, 2016, and (3) Plaintiff's medical file.

Plaintiff's Legal Materials

The third issue presented in the instant "Notice" is Plaintiff's access to his legal materials. Plaintiff states that following his deposition on October 9, 2018, four FDOC officials from the Inspector General's Office came to his cell, informed Plaintiff he was "under investigation," and confiscated all of his property, including his "legal work" (*see* ECF 66 at 3). The court need not address this issue now. Once the limited discovery authorized by this Order is completed, the case will be scheduled for a settlement conference. After the settlement conference, Plaintiff may re-raise this issue if necessary.

Accordingly, it is **ORDERED**:

1. The clerk of court is directed to issue a subpoena directed to Alexandria Williams, General Counsel for the Florida Department of Corrections. The subpoena must command Ms. Williams to permit inspection of the following materials at Plaintiff's place of confinement: (1) any video recordings of wing three of Echo dormitory at Santa Rosa Correctional Institution on February 5, 2016, from 8:00 p.m. to 8:30 p.m., (2) any video recordings of Plaintiff and/or Inmate Bobby Taylor (DC# X50229) in the shower area of the dormitory after their altercation on February 5, 2016, and (3) Plaintiff's medical file. The subpoena must command Ms. Williams to

produce the items on or before November 30, 2018.  Ms. Williams need not appear in person at the place of production or inspection.

2. The clerk of court is directed to provide Plaintiff and Defendants' counsel with a copy of the subpoena, and to forward the subpoena (along with two copies of this order) to the United States Marshals Service.

3. Upon receipt of the subpoena, the United States Marshal or a Deputy United States Marshal is directed to personally serve the subpoena and a copy of this order by delivering them to Alexandria Williams at the following address:  Florida Department of Corrections, 501 South Calhoun Street, Tallahassee, Florida, 32399.

**DONE AND ORDERED** this 31st day of October 2018.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**