IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

1/7/19
ON

DERRICK DEXTER NORFLEET, JR.,
Plaintiff

VS.

CASE No.: 316cv413/MCR/EMT

BRANDON LANE AND JUSTIN
CARR, DEFENDANTS.
_____ /

## WRITTEN NARRATIVE STATEMENT OF FACTS TO BE PRESENTED ON PLAINTIFFS BEHALF THROUGH ORAL OR DOCUMENTARY EVIDENCE AT TRIAL

I. Plaintiff will prove through oral testimony that;

1. Defendants Brandon Lane and Justin Carr violated Plaintiff Derrick Dexter Norfleets' Eighth Amendments rights by failing to protect him from an assault by inmate Bobby Taylor on February 5, 2016

2. Defendants Brandon Lane and Justin Carr violated Plaintiff Derrick Dexter Norfleet's Eighth Amendment rights by failing to intervene once the assault began on February 5, 2016.

3. As a result of Defendants Brandon Lane and Justin Carrs conduct Plaintiff Derrick Dexter Norfleet suffered and continues to suffer physical, mental, and emotional injuries.

4. Plaintiff Derrick Dexter Norfleet is entitled to Compensatory and punitive damages

5. On January 26, 2016, a group of 30-40 inmates housed at Florida State Prison, including plaintiff and inmate Taylor were transferred to Santa Rosa C.I. The night before, the transfer. Inmate Taylor continuously kicked on his cell door and yelled obscene threats at correction officers and threatened to rape and murder inmates on the bus ride to Santa Rosa C.I. Because of these threats, Florida State Prison officials classified inmate Taylor as a safety and security threat to be kept seperate from all other inmates.

Plaintiff testimony will prove that on the night of February 5, 2016, prior to the assault on Plaintiff by Inmate Taylor, Plaintiff signaled officer Carr to "please get me out this cell". Defendant Carr told Plaintiff he would not change his cell assignment, and that Plaintiff would get a D.R. if he "checked in". Defendant Carr then told Inmate Taylor "you know the drill", and that he (Carr) would be working in Echo Dormatory all night. Plaintiff asked Defendant Carr and Lane for help a second time, explaining that he (Plaintiff) and were "having a conflict," Inmate Taylor had physically threatened him, and that he was afraid of Inmate Taylor. Defendant Carr, in Defendant Lane's presence, again told Plaintiff there was no checking in at Santa Rosa, and again threatened to issue Plaintiff a D.R. if he persisted in requesting a cell change. Inmate Taylor yelled at Defendant Carr that Plaintiff did not need a cell change, saying, "I got this, y'all already know". Defendants Carr and Lane were Plaintiff's "only way" to get help and safety. Later in the evening, Plaintiff asked Carr a third time to please move him out of the cell; Defendant Carr ignored him. Defendant Lane told Inmate Taylor, in Defendant Lane's presence, to wait until he and Carr were downstairs to "do whatever he was going to do". Defendant Lane and Carr proceeded downstairs. Inmate Taylor turned to Plaintiff and demanded Plaintiff perform oral sex before Defendants Carr and Lane returned. Plaintiff refused Taylor's demand. Inmate Taylor pulled a knife out of his boxers and repeated his demand, and threatened to stab Plaintiff if he refused. A struggle ensued, in which Inmate Taylor began punching Plaintiff in the head, face, nose, and jaw with a closed fist. Inmate Taylor threatened to kill Plaintiff. The beating lasted approximately 5-minutes. When Defendant Carr and Lane approached the cell Inmate Taylor was still beating Plaintiff in the face with his fist. Plaintiff pleaded with Inmate

Taylor to stop hitting him. Defendants Carr and Lane watched as the beating continued. Inmate Taylor did not stop hitting Plaintiff until Plaintiff agreed not to "snitch" on him. And only then did the defendants intervene. ~~Plaintiff suffered~~. Within a few hours of the assault, Plaintiff's right eye swelled shut, both of Plaintiff's eyes blackened, the right side of his face and head swelled, his lips swelled, he had a deep cut on the back right side of his head, and Plaintiff's nose moved when he touched it. Plaintiff suffered a concussion, ~~has~~ blackouts, severe headaches continually that require prescription medications, blurred vision, dizziness, and aching scars on his eyes, head, lips, and face. Additionally Plaintiff suffers anxiety, depression, nightmares, and paranoia that require prescription medication.

## Plaintiff's List of Exhibits He Will Offer Into Evidence

Exhibit A.: DC6-236 Inmate Request Form To Mental Health

Exhibit B.: Florida Department of Corrections Disciplary Report; Disposition of Audio & Video Evidence

Exhibit C.: Plaintiff's Medical Record

Exhibit D.: Florida Department of Corrections Emergency Room Record

Exhibit E.: Florida Department of Corrections Chronic Illness Sheet

Exhibit F.: Plaintiff's Prescription Reciepts

Exhibit G.: DC6-236 (Formal Grievances) Regarding Incident.

## List of Witness

1. DERRICK DEXTER NORFLEET JR. Current Address: Regional Medical Center P.O. Box 628, Lake Butler Florida 32054; Mr. Norfleet will testify to His version of the events leading up to, during, and after the assault; that he asked the officers (Lane & Carr) to be moved to a different cell 3 different times. That the officers refused to move him. That officer Lane gave Inmate Taylor the green light to assault plaintiff "After the left." Taylor demanded oral sex from plaintiff, after the officers went down stairs and threatened to stab plaintiff if he refused. Plaintiff was beaten badly, while the defendants watched, for nearly 5 minutes. Plaintiff still suffers from injuries he recieved as a result of the assault. The defendants are responsible for plaintiff's injuries.

(4)

2. **JUSTIN CARR**: CURRENT ADDRESS: SANTA ROSA CORRECTION INSTITUTION: MR. CARR will TESTIFY TO HIS VERSION OF THE EVENTS LEADING UP TO, DURING, AND AFTER THE ASSAULT; PROCEDURE + POLICY, DORM STRUCTURE, AND PLACEMENT OF AUDIO AND VIDEO EQUIPMENT IN RELATION TO WHERE THE INCIDENT OCCURRED

3. **BRANDON lANE**: CURRENT ADDRESS: SANTA ROSA CORRECTIONAL INSTITUTION: MR. lANE will TESTIFY TO HIS VERSION OF THE EVENTS LEADING UP TO, DURING, AND AFTER THE ASSAULT, FDOC PROCEDURE AND POLICY, DORM STRUCTURE, AND PLACEMENT OF AUDIO AND VIDEO EQUIPMENT IN RELATION TO WHERE THE INCIDENT OCCURRED

4. **ASHLEY MORGAN**: CURRENT ADDRESS: SANTA ROSA CORRECTIONAL INSTITUTION: MS. MORGAN will TESTIFY TO HER INTERACTIONS WITH PLAINTIFF IMMEDIATELY FOLLOWING THE INCIDENT, HER OBSERVATIONS OF PLAINTIFF, WHY DID SHE PLACE PLAINTIFF IN OBSERVATION CELL.

5. **INSPECTOR GUSTAFSON**: CURRENT ADDRESS: SANTA ROSA CORRECTIONAL INSTITUTION: MS. GUSTAFSON will TESTIFY TO HER INTERACTION WITH PLAINTIFF IMMEDIATELY FOLLOWING THE INCIDENT WHILE PLAINTIFF WAS IN THE OBSERVATION CELL.

6. **KENNETH MCDONALD (#T-20470)** CURRENT ADDRESS: FLORIDA DEPARTMENT OF CORRECTIONS. MR. MCDONALD will TESTIFY THAT HE WAS TRANSFERRED TO SANTA ROSA ON THE SAME DAY AS PLAINTIFF AND INMATE TAYLOR. THAT TAYLOR WAS VARILY AND THREATENED TO HARM INMATES WHO WOULD BE TRANSFERRED WITH HIM THE FOLLOWING MORNING. THAT INMATE TAYLOR WAS CLASSIFIED AS A THREAT TO THE SAFETY OF THE OTHER 30-40 INMATES ON THE BUS TO THE POINT THAT TAYLOR HAD TO BE HOUSED ALONE DURING THE BUS RIDE.

7. **DR. C. HADDAD**: CURRENT ADDRESS: SARASOTA, Fla. [No longer Employed By D.O.C.]. DR. HADDAD will TESTIFY AS TO THE BASIS FOR HIS WRITTEN REPORT, EXAMINATION, DIAGNOSIS; OF CONCUSSION, AND PRESCRIPTION TO TREAT PLAINTIFF FOR SUCH.

8. **CUSTODIAN OF RECORDS**: CURRENT ADDRESS: 501 S. CALHOUN STREET, TALLAHASSEE Fla 32399.: THE CUSTODIAN OF RECORDS FOR THE FLORIDA DEPARTMENT OF CORRECTIONS will TESTIFY THAT THE MEMORANDUMS, REPORTS, RECORDS, OR DATA COMPILATIONS, In Any form, OF ACTS, EVENTS, CONDITIONS, OPINION, OR DIAGNOSIS SOUGHT TO BE INTRODUCED BY THE PLAINTIFF, WERE MADE AT OR NEAR THE TIME BY, OR FROM INFORMATION TRANSMITTED BY, A PERSON WITH KNOWLEDGE, AND KEPT IN THE COURSE OF REGULARLY CONDUCTED BUSINESS ACTIVITY AND THAT IT WAS THE REGULAR PRACTICE TO MAKE SUCH MEMORANDUMS, REPORTS, RECORDS, OR DATA COMPILATIONS

## OATH

Under penalty of perjury I swear that the facts stating herein are true and correct.

/s/ *[signature]*

## Certificate of Service

I certify that a true and correct copy of this document has be placed in the hands of RMC prison officials to be furnished by U.S. mail to: Damaris Reynolds, Assistant Attorney General, Office of the Attorney General, PL-01 The Capitol, Tallahassee, Fla 32399-1050, and United States District Court, Northern District of Florida, 100 North Palafox Street, Pensacola, Fla. 32502, on this ___ day of January 2019

/s/ *[signature]*
Derrick Dexter Nonfleet
#X10286
Reception and Medical Center
P.O. Box 628
Lake Butler Fla 32054

Derrick Norfleet # X10286
Reception And Medical Center
P.O. Box 628
Butler, Fla 32054-0628

**MAILED FROM A STATE CORRECTIONAL INSTITUTION**

CHECKED JAN 10 2019

United States District Court
Northern District of Florida
100 North Palafox Street
Pensacola, Fla 32502

US POSTAGE PITNEY BOWES
ZIP 32054
02 1W
0001403571 JAN 07 2019
$ 000.68°

32502$4839 C003